Hoban Unemployment Compensation Case.
Skytop Lodges, Inc., Appellant, v. Unemployment Compensation Board of Review.

Argued March 2, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*George T. Robinson,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for appellee.

OPINION BY WATKINS, J., March 18, 1959:

This is an unemployment compensation case, in which the claimant appellee, Martin Hoban, was receiving unemployment benefits at the rate of $35 per week when he accepted employment as a potwasher for the appellant, Skytop Lodges, Inc., at $125 per month, plus board and room. He was told at the time that he would be given a better paying job as soon as one became available. He was employed for three weeks when he left the job because of insufficient wages and then filed for unemployment benefits.

The bureau sustained his claim; the referee found him ineligible; the board reversed the referee and allowed the claim. The employer appealed.

The question presented by this appeal is whether claimant, in voluntarily leaving his work, did so for good cause. We are of the opinion that the facts do not support the board's conclusion in this respect, and that, therefore, the decision must be reversed.

There is a distinction in the law between cases where an unemployed claimant, receiving benefits, refused work and cases where the claimant was gainfully employed and voluntarily left his job. *Pusa Unemployment Compensation Case*, 178 Pa. Superior Ct. 348, 115 A. 2d 791 (1955). In the former cases we have held that such claimants may be justified in refusing a job referral at materially lower wages on the theory that the claimant have a reasonable opportunity to seek work in line with his demonstrated earning capacity. *Misinkaitis Unemployment Compensation Case*, 169 Pa. Superior Ct. 124, 82 A. 2d 74 (1951). This reasoning does not apply where the claimant is gainfully employed and could have continued working until he found a better paying job. *Pusa Unemployment Compensation Case*, supra.

The board assumes that the wage of $125 per month, plus room and board, is less than the amount the claimant was receiving for unemployment benefits, when in fact, a reasonable credit, on the most conservative terms, for room and board, when added to the monthly wage, although admittedly low, would certainly exceed the compensation benefits.

But in addition, there was a chance of improvement, if he remained on the job, as he had been assured of getting the first better paying job available. Certainly three weeks were too short a period of time to determine that possibility, especially in view of his record of unemployment and of the fact that he had no opportunity for another job at the time.

The record shows that up to the time of the hearing of September 17, 1958, the claimant had worked only eight weeks in 1958, including the three weeks at Skytop; that at the time he left this job on June 16, 1958, he had no other job to go to and that he continued to be unemployed. We can take notice, too, of information supplied by the unemployment authorities that as of the time the claimant voluntarily quit, he would only be entitled to eight weeks unemployment benefits at $35 per week. This being so, if benefits were granted, his payments would be exhausted on or about August 15, 1958.

Under the above circumstances, we do not believe that this claimant voluntarily quit for good cause within the meaning of Section 402(b) of the Unemployment Compensation Law of 1936, as amended, 43 PS §802(b).

Decision is reversed.