Connolly Unemployment Compensation Case.

Argued March 4, 1963. Before RHODES, P. J., ER-VIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*James W. Walker,* with him *Kelly & Walker,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Raymond Kleiman,* Deputy Attorney General, and *Walter E. Alessandroni,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY FLOOD, J., April 18, 1963:

In this case the Unemployment Compensation Board of Review denied the claim on the ground that "the real reason for claimant's voluntary termination was loss of his means of transportation and his financial difficulty of maintaining himself in Binghamton and his home in Scranton".

The appellant contends that his inability to meet his transportation and living expenses was due to his employer's failure to live up to its agreement as to a wage increase. He testified that when he took the job in August 1961, he was promised an hourly pay rate of $1.62 to start, with an increase to at least $2.00 at the end of a month and that he accepted employment upon these terms. However, he was raised only to $1.70 and when he asked for a further increase he was raised only to $1.76 and was told "their contract" would not permit a raise to $2.00. The claimant remained on the job thereafter until the fellow-employes with whom he rode back and forth to Binghamton left the job, and he then quit because of "lack of transporta-

tion and wages". He did not have a car in working order, and he could not rent a room in Binghamton and maintain his home in Scranton on his wages.

The board, however, refused to find that the failure to grant the wage increase was the real reason for his leaving the job. Whether the employer made the promise, as the claimant testified, to grant the increase in his wages at the end of a month was a question of fact for the board. Under the evidence, the finding of the board as to this fact is conclusive. *Progress Manufacturing Company, Inc. v. Unemployment Compensation Board of Review*, 406 Pa. 162, 176 A. 2d 632 (1962). The credibility of the claimant's witnesses, the weight of their testimony and the inferences to be drawn from the testimony are for the board. *Ristis Unemployment Compensation Case*, 178 Pa. Superior Ct. 400, 116 A. 2d 271 (1955).

Decision affirmed.