## Johnson Unemployment Compensation Case.

Argued June 12, 1963. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Eugene G. Kitko,* with him *William T. Davis,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Walter E. Alessandroni,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WRIGHT, J., September 12, 1963:

Sylvester Johnson, Jr. was last employed as a laborer by the American Vitrified Products Company in Sommerville, New Jersey. His final day of work was December 2, 1961. His application for benefits was disallowed by the Board of Review on the ground that he had voluntarily terminated his employment without cause of a necessitous and compelling nature, and was disqualified under the provisions of §402(b)(1) of the Unemployment Compensation Law. Act of December

5, 1936, P. L. (1937) 2897, 402(b)(1), 43 P.S. 802-(b)(1). This appeal followed.

The first question raised is one of procedure. The Bureau of Employment Security determined that claimant's reasons for terminating his employment did not constitute good cause. The Referee reversed the Bureau. In a decision dated June 23, 1962, the Board affirmed the Referee. Under date of July 31, 1962, on its own motion, the Board vacated and withdrew its decision and ordered reconsideration. On October 9, 1962, the Board filed its decision reversing the Referee. It is contended on claimant's behalf that the Board may not "vacate and reverse their own order, on their own motion, without reason, and without giving the claimant an opportunity to be heard". We considered and rejected an identical contention in *Sable Unemployment Compensation Case*, 197 Pa. Superior Ct. 177, 177 A. 2d 115. The following excerpt from our opinion in the *Sable* case is here pertinent (citations omitted):

"Although our attention has not been called to any case directly apposite, there are certain well-established general principles. Procedural due process does not require a hearing at any particular point, or at more than one point, in an administrative proceeding so long as the requisite hearing is held before the final order becomes effective . . . We have held that it is not even necessary that claimant appear at the hearing where a signed statement is submitted in lieu of his testimony . . . In the total absence of any demonstration of arbitrary conduct, the obvious conclusion is that, in the Board's judgment, its decision of May 10, 1961 was erroneous. An administrative body may correct errors on its own motion, without the intervention of either party . . . Such type of action by an administrative agency having jurisdiction may be set aside only where there is a manifest and flagrant abuse of discretion . . . The function of the Superior Court is

not to substitute its judgment for that of the administrative body, but merely to determine whether there is error of law, lack of evidence, or violation of constitutional rights".

The second and third questions raised on this appeal may be considered together. It is argued that the factual findings made by the Board in its decision of October 9, 1962, are not substantiated by the record, and that the Board erred in ruling that "claimant's termination of employment was not of a necessitous and compelling nature". The record discloses that claimant resides at 1815 Dorey Street in Clearfield, Pennsylvania. He had been employed for some years by Robinson Clay Products Company at its Clearfield plant. When this operation closed down, claimant sought and obtained employment with the American Vitrified Products Company in Sommerville, New Jersey, where he worked from July 14, 1961, through December 6, 1961. During this period claimant's wife and child remained in Clearfield. The relevant findings of the Board are as follows: "3. On December 2, 1961, the claimant terminated his employment because he felt that he was working less hours than expected when he accepted the job, and because he felt that his earnings were insufficient to maintain himself in New Jersey and his wife and child in Clearfield, Pennsylvania. 4. During his approximate 4½ months of employment by American Vitrified Products, the claimant worked at least eight (8) hours a day for five (5) days a week, and his living expenses while working in Sommerville, New Jersey, were normal and reasonable. 5. The claimant was not laid off or discharged, and continuing work was available to him if he desired to remain employed".

Our examination of this record discloses that the Board's findings of fact are fully supported by the testimony. In his statement at the local office in Clear-

field, dated December 20, 1961, claimant said: "I could not make out on the wages I was getting. It was out of the question for me to move my family there, as I am buying my home here. I could not keep up two places". Claimant never worked less than five eight-hour days per week. His assertion that he was prom-ised six days a week is not supported by the record. In fact, the employer's contract with the United Brick and Clay Workers provides for a normal work week of forty hours at $2.10 per hour, with all above that con-stituting overtime. It appears that, for a short period following his initial employment, claimant did work six days a week. However, elimination of this over-time did not constitute sufficient ground for claimant to quit. He could have continued working on the nor-mal five day week basis.

The applicable legal principles are well settled. Hav-ing terminated his employment voluntarily, claimant had the burden of proof to show good cause: *Herko Un-employment Compensation Case,* 198 Pa. Superior Ct. 240, 181 A. 2d 737. Findings of fact made by the un-employment compensation authorities, if supported by the evidence, are conclusive upon appeal: *Cochran Un-employment Compensation Case,* 197 Pa. Superior Ct. 149, 177 A. 2d 26. Dissatisfaction concerning earnings does not place an employe in the position of being com-pelled to quit: *Mollo Unemployment Compensation Case,* 186 Pa. Superior Ct. 86, 140 A. 2d 354. Where the decision of the Board is against the party having the burden of proof, the question before the appellate court is whether the Board's findings of fact are con-sistent with each other and with its conclusions of law and its order, and can be sustained without a capricious disregard of the competent evidence: *Brown Unemploy-ment Compensation Case,* 194 Pa. Superior Ct. 76, 166 A. 2d 100.

The three cases cited on claimant's behalf do not support his position. In *Hamilton Unemployment Compensation Case,* 172 Pa. Superior Ct. 413, 94 A. 2d 63, the factual issue was resolved by the Board in claimant's favor. In *Kaylock Unemployment Compensation Case,* 165 Pa. Superior Ct. 376, 67 A. 2d 801, the Board decided against the claimant, and we affirmed. *Sturdevant Unemployment Compensation Case,* 158 Pa. Superior Ct. 548, 45 A. 2d 898, is presently of doubtful authority, and in any event is readily distinguishable. A markedly similar factual situation to that in the present case was before us recently in *Connolly Unemployment Compensation Case,* 201 Pa. Superior Ct. 12, 189 A. 2d 906. Our decision in that case controls the instant appeal.

Decision affirmed.