Frank A. Greenwich, Appellant, *v.* Unemployment Compensation Board of Review, Appellee.

Argued May 11, 1973, before Judges KRAMER, MEN-CER and BLATT, sitting as a panel of three.

*David Freeman,* for appellant.

*Sydney Reuben,* Assistant Attorney General, for appellee.

OPINION BY JUDGE KRAMER, August 2, 1973:

This is an appeal filed by Frank A. Greenwich (Greenwich) from an order of the Unemployment Com-

pensation Board of Review (Board) dated March 16, 1972, denying Greenwich unemployment compensation benefits.

Greenwich was employed by Whitman's Chocolate Division of Pet, Inc. (Whitman) for approximately 28 years. At the time of his termination, Greenwich was a night supervisor for Whitman. Greenwich suffered sporadically through the years 1969-1970 from toxic cirrhosis, which was apparently caused by chemicals with which he came in contact at work. Greenwich's last day of work for Whitman was February 4, 1970, at which time he properly reported his absence due to illness. Whitman subsequently received a medical certificate indicating that Greenwich would be able to return to work on April 6, 1970. Consequently, Whitman made an appointment for Greenwich to see the company doctor on April 6, 1970. Greenwich failed to appear for this appointment. The company arranged another medical examination on April 8, 1970, which Greenwich also failed to attend. Still another appointment was scheduled for April 13, 1970, and Greenwich was absent once again. A fourth attempt was made to schedule the medical examination; this time the date was set for April 20, 1970. Whitman informed Greenwich that if he failed to appear for this examination, his employment would be terminated. On April 20, 1970, Greenwich called Whitman and requested that the appointment be postponed until April 21, 1970. Whitman agreed, and on April 21, Greenwich once again requested that he be given a one-day postponement. This request was also granted.

Greenwich reported to the company doctor on April 22, 1970. The doctor's notes indicate that Greenwich was unable to work at this time. The doctor further noted that although Greenwich denied alcoholic intake, he appeared to be in an "alcoholic debauch." Another

appointment was scheduled for April 24, 1970, if Greenwich was "able." Greenwich did not report for this examination. Consequently, Greenwich was informed by letter dated April 24, 1970 that his employment was terminated.

Greenwich applied for unemployment compensation benefits. His request was denied by the Bureau of Employment Security, and he took an appeal. A hearing was held; after which, the referee found that Greenwich's behavior constituted wilful misconduct, and compensation was denied. Greenwich appealed to the Board and another hearing was held. As a result of this hearing, the Board affirmed the referee, and Greenwich appealed to this Court. On the Board's petition, the case was remanded and an additional hearing was held. The Board once again denied benefits on the basis of wilful misconduct, and hence, this appeal by Greenwich.

Section 402(e) of the Unemployment Compensation Act, Act of December 5, 1936, P. L. (1937) 2897, as amended, 43 P.S. §802(e) provides the statutory basis for denying benefits due to a claimant's "wilful misconduct." That section does not define the term "wilful misconduct." Case law has led us to the following definition.

"[A]n act of wanton or wilful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer." *Harmer Unemployment Compensation Case*, 206 Pa. Superior Ct. 270, 272, 213 A. 2d 221, 223 (1965).

The Board found that Greenwich failed to appear at the scheduled medical appointments, and that he was under the influence of alcohol at the one appointment he did attend. As a result of its findings, the Board concluded that Greenwich's behavior constituted wilful misconduct.

In unemployment compensation cases, our scope of review, absent fraud, is confined to questions of law and a determination as to whether the Board's findings are supported by the evidence. The credibility and weight to be given evidence are questions for the Board, and the party victorious below is to be given the benefit of any inferences which can reasonably and logically be drawn from the evidence. See *James v. Unemployment Compensation Board of Review*, 6 Pa. Commonwealth Ct. 489, 296 A. 2d 288 (1972).

Greenwich argues that the Board's decision is not supported by the evidence. There are two focal points to his argument. First, he argues that Whitman's letter of termination does not specifically cite the failure to keep medical appointments, but rather, stresses his absences due to illness. While we agree with Greenwich with respect to the termination letter, the letter was only one piece of evidence before the Board. It should be pointed out that in his first interview with the Bureau of Employment Security, Greenwich acknowledges his failure to see the company doctor as one of the reasons for his termination. Furthermore, he admits to missing the scheduled appointments, and failing to notify Whitman. Greenwich does offer certain excuses for the failure to notify Whitman; however, we do not feel it necessary to present a protracted discussion at this point. As aforementioned, questions of credibility and weight to be given evidence are for the Board and not for this Court.

This brings us to Greenwich's second contention. Greenwich contends that the Board's finding of fact No. 10 is not supported by the evidence. Finding No. 10 states: "On April 22, 1970 claimant reported to the company doctor but the company doctor was unable to examine claimant because he was under the influence of alcohol. Claimant was told to report on Friday, April 24, 1970, for an examination." This finding is primarily based on the aforementioned notation of the company doctor on April 22, 1970. The doctor's notation is as follows: "Not able to work. Looks like he is in an alcoholic debauch. Pt. denies alcohol intake. R T C 4/24 if able."

Greenwich argues that the notation does not say that he was not examined, nor does it say he was under the influence of alcohol. He urges that under a literal interpretation, the notation states merely that he appeared as though he was under the influence of alcohol. He asserts that his appearance must have been a result of his illness. It should be pointed out, however, that Greenwich (in the first hearing in this case) admitted to having some alcohol before the medical examination in question. The record also indicates that Greenwich became despondent after losing his job, and consumed three or four bottles of liquor in a period of three or four days. This latter evidence was offered by Greenwich to explain the reference to heavy alcoholic intake in his *own* doctor's report.

In light of the above, we conclude that there is sufficient evidence in the record to support the Board's findings, conclusions and order. Furthermore, assuming arguendo that finding No. 10 is not adequately supported in the record, the other findings, which are without question supported by the evidence, present a sufficient basis upon which to conclude that Greenwich's behavior constituted wilful misconduct. *Cf. Woodson*

*v. Unemployment Compensation Board of Review,* 7 Pa. Commonwealth Ct. 526, 300 A. 2d 299 (1973); *Horan v. Unemployment Compensation Board of Review,* 7 Pa. Commonwealth Ct. 194, 300 A. 2d 308 (1973). Therefore, the order of the Board is affirmed.