Dennis L. Marcantonio, Appellant, *v.* Common-
wealth of Pennsylvania, Unemployment
Compensation Board of Review,
Appellee.

Argued September 13, 1973, before Judges KRAMER,
WILKINSON, JR. and ROGERS, sitting as a panel of three.

*Dennis L. Marcantonio,* appellant, for himself.

*Sydney Reuben,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE KRAMER, September 19, 1973:

This is an appeal filed by Dennis L. Marcantonio (Marcantonio), in propria persona, from an order of the Unemployment Compensation Board of Review (Board) dated January 15, 1973, denying Marcantonio unemployment compensation benefits.

Marcantonio was employed by Skyline Motors of Beaver Falls, Pennsylvania as a marine mechanic for approximately 17 months, to the date of his termination of employment, namely, September 22, 1972.

After investigating the claim for unemployment compensation benefits, the Bureau of Employment Security "disapproved" the claim, and Marcantonio filed an appeal with the Board. A hearing was held before a referee of the Board, who thereafter filed his adjudication in which he found that Marcantonio had been discharged from his employment "because of his poor work performance and his failure to report for work on time." The referee also found that Marcantonio had received "prior warnings" about his tardiness and his poor work performance. The referee concluded that Marcantonio was guilty of wilful misconduct within the meaning of Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, P. L. (1937) 2897, as amended, 43 P.S. §802(e), and thereby was ineligible to receive benefits under the law.

Marcantonio then sent a handwritten letter requesting an appeal to the Board. On January 15, 1973, the Board, after reviewing the record, disallowed the appeal, whereupon Marcantonio filed an appeal in this Court.

In his appeal to this Court, Marcantonio, while admitting tardiness, contends that he was discriminated against, because other employees of his employer were also tardy, and they were not discharged.

As we recently stated in the case of *Greenwich v. Unemployment Compensation Board of Review*, 9 Pa. Commonwealth Ct. 520, 524, 308 A. 2d 193, 194 (1973); "In unemployment compensation cases, our scope of review, absent fraud, is confined to questions of law and a determination as to whether the Board's findings are supported by the evidence. The credibility and weight to be given evidence are questions for the Board, and the party victorious below is to be given the benefit of any inferences which can reasonably and logically be drawn from the evidence." We have carefully reviewed the entire record in this case. There is nothing in the record to substantiate Marcantonio's contention that he was in any way discriminated against. The record is quite clear that Marcantonio made patent admissions to his tardiness. The only remaining question is whether his tardiness was a proper basis for a denial of benefits. Section 402(e) of the Act (43 P.S. §802(e)) provides the statutory basis for denying benefits to a claimant for "wilful misconduct." The statutory law does not define the term "wilful misconduct." However, case law has developed the following definition: "[A]n act of wanton or wilful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional

and substantial disregard of the employer's interests or of the employee's duties and obligations to the employer." *Harmer Unemployment Compensation Case,* 206 Pa. Superior Ct. 270, 272, 213 A. 2d 221, 223 (1965). In this case there is evidence of warnings by the employer to Marcantonio concerning his tardiness; although warnings may not be necessary to support wilful misconduct. There is evidence that the employer was compelled to telephone Marcantonio after the eight A.M. starting time, which Marcantonio acknowledged to be the established starting time for all employees of his employer. The record also indicates that Marcantonio, on occasion, had been sent home because of his late reporting for work. Our careful reading of this record permits us to conclude that Marcantonio's actions were inimical to the best interests of his employer. *See Woodson v. Unemployment Compensation Board of Review,* 7 Pa. Commonwealth Ct. 526, 300 A. 2d 299 (1973). There is sufficient evidence in the record of this case to support the referee's and Board's findings, conclusions and orders. The record supports the conclusion that Marcantonio's behavior constituted wilful misconduct. Therefore the order of the Board is affirmed.