Donna Berkery, Appellant, *v.* Commonwealth of
Pennsylvania, Unemployment Compensation
Board of Review, Appellee.

Argued March 8, 1974, before Judges WILKINSON,
JR., MENCER and BLATT, sitting as a panel of three.

*John G. Siegle,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, April 5, 1974:

Donna Berkery (claimant), a 68-year-old woman, was employed as a medical assistant[1] by a physician in Upper Darby from May 1960 until March 21, 1972. During her last day of work she became ill and in need of surgery. She was taken to the hospital where she underwent an operation for repair of a hernia. Her physician-employer performed the surgery. She was discharged from the hospital on April 3, 1972 and returned to her home to recuperate.

On April 16, 1972, her employer, Dr. James Carty, came to her residence and she underwent a complete physical examination. Following the examination, and after being advised that she was in "good shape," she was informed by Dr. Carty that he had hired a new medical secretary. During the conversation that followed, the Doctor offered claimant part-time work in surgery a few hours in the afternoon. However, the Doctor would not inform the claimant concerning what compensation she would receive and, although asked to do so, the Doctor made acceptance of the proposed part-time work arrangement a prerequisite to a discussion of wages. Claimant declined part-time employment, absent any information concerning wages.

Claimant had been receiving a *salary* of $110 per week prior to March 21, 1972. She filed an application

---

[1] Her duties were principally those of a secretary, but she regularly assisted her employer in surgery.

for unemployment compensation benefits, effective April 21, 1973. The Bureau of Employment Security, a referee and the Unemployment Compensation Board of Review all issued rulings, decisions or orders denying the claim for benefits. Timely appeals were taken by the claimant, and we reverse.

The denial of benefits was based on the reasoning that the claimant had voluntarily terminated her employment without cause of a necessitous and compelling nature, and she was thus ineligible for compensation benefits under Section 402(b) (1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, as amended, 43 P.S. §802 (b) (1). This section provides that "[a]n employe shall be ineligible for compensation for any week . . . [i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . ."

We recognize that mere dissatisfaction with one's wages or working assignment does not constitute cause of a necessitous and compelling nature for terminating employment. *James v. Unemployment Compensation Board of Review,* 6 Pa. Commonwealth Ct. 489, 296 A. 2d 288 (1972). Likewise, a refusal to accept other suitable employment from his employer may disqualify an employe from compensation. *Zabka Unemployment Compensation Case,* 192 Pa. Superior Ct. 511, 162 A. 2d 88 (1960); *Gryskavicz Unemployment Compensation Case,* 188 Pa. Superior Ct. 429, 145 A. 2d 863 (1958).

Here, however, claimant could not even learn from her former employer[2] what wages she would be paid and, in fact, did not know how many hours or during

---

[2] Claimant, on April 16, 1972, had been replaced by a new employe who was already on the job. The job claimant had been doing was no longer hers to do.

what time periods she would be expected to work. All the good doctor would tell her was that she could work a few hours in the afternoon in surgery.

In unemployment compensation cases, our scope of review, absent fraud, is confined to questions of law and a determination as to whether the Board's findings are supported by the evidence. The credibility and weight to be given evidence are questions for the Board, and the party victorious below is to be given the benefit of any inferences which can reasonably and logically be drawn from the evidence. *Greenwich v. Unemployment Compensation Board of Review,* 9 Pa. Commonwealth Ct. 520, 308 A. 2d 193 (1973).

The claimant here asserts that there is not sufficient evidence to support the fifth and sixth findings of fact made by the referee and affirmed by the Board. They read as follows:

"5. While she was recuperating at home Dr. Carty visited claimant and because of her recent surgery and her age he felt she should be given a lighter work load than she previously had. He, thereupon offered her work of a lighter nature on a part time basis.

"6. Claimant refused to accept his offer of work on his terms, because she was dissatisfied with same. Accordingly, she did not return to work with her employer, although work was available to her had she desired to return thereto."

Dr. Carty did not appear at either of the two hearings and the evidence in the record to support these findings would have to be gleaned from Dr. Carty's written response on the employer's separation notice. However, the key to this case is Finding of Fact No. 6. The referee recognizes that claimant's refusal was a result of her dissatisfaction with the doctor's "offer of work on his terms." What were his terms? Part-time, afternoon work? Which afternoons? How many

hours? What would be paid for claimant's services? Actually, Dr. Carty did not make claimant an offer of employment which she could accept or reject. He simply indicated that he was going to make an offer of employment but then refrained from doing so until claimant should agree to accept his terms in advance of knowing the particulars of those terms. The referee ends his sixth finding with the conclusion, "although work was available to her had she desired to return thereto." Again we must ask: What work? Which afternoons? How many hours? How much compensation? What kind of work is it when one does not know and cannot find out when it is to be performed and how much will be paid for it?

We conclude that Dr. Carty did not offer claimant employment on April 16, 1972 but rather, by his unwillingness to disclose the essential terms of any employment relationship, he in effect made it impractical, if not impossible, for claimant to accept his partially disclosed proposal. Thus, it follows that claimant did not voluntarily terminate her employment without cause of a necessitous and compelling nature and that, therefore, she was eligible for compensation benefits.

### ORDER

Now, this 5th day of April, 1974, we reverse the order of the Unemployment Compensation Board of Review and find that Donna Berkery is entitled to unemployment compensation benefits. The record is hereby remanded to the Board for further proceedings consistent with this opinion.