Theodore A. Cochran, Jr., Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Submitted on briefs, January 10, 1975, to Judges KRAMER, WILKINSON, JR. and MENCER, sitting as a panel of three.

*Steven W. Alm*, with him *Ellis M. Saul*, for appellant.

*Daniel R. `Schuckers*, Assistant Attorney General, with him *Sydney Reuben*, Assistant Attorney General, and *Israel Packel*, Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, February 13, 1975:

This is an appeal from a final order of the Unemployment Compensation Board of Review, dated March 18, 1974, denying increased benefits to claimant-appellant. Claimant had been employed by the Pittsburgh Chemical Manufacturing Company from May 1971, through October 1973. The Bureau of Employment Security found claimant's high quarter wages to be $1,300.00, making claimant eligible for benefits at the rate of $53.00 per week in accordance with Section 404(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, *as amended*, 43 P. S. §804(e) (Supp. 1974-1975). This determination was based on the finding that claimant's salary was $100.00 per week.

Claimant appealed alleging that benefits should have been computed on a weekly salary of $200.00. The evidence establishes that claimant received two checks each week, one for salary with the normal deductions taken out, and a second check for $100.00 marked "expenses." He contends that he had no business expenses and that he was hired as a chemist and not as a salesman and, therefore, his actual salary was $200.00 per week. The employer testified that claimant was hired as a chemist and salesman, and that the agreement between claimant and

employer was that the $100.00 expense check was to cover any and all expenses of claimant, regardless of the amount of actual expenses. The referee, on January 30, 1974, found that the benefits were properly based on $100.00 per week salary and, therefore, upheld the determination of the Bureau. The Unemployment Compensation Board of Review affirmed and claimant has appealed to us.

During the last referee's hearing on January 23, 1974, claimant referred to a home loan application on which he had stated that this annual salary was $10,400.00, or $200.00 per week. Because claimant had not brought a copy of this application to the hearing, the referee asked claimant to mail him a copy. On January 30, 1974, after filing his decision in this case, the referee received a copy of the loan application and an employer's verification of employment on which claimant's annual rate of pay was stated to be $10,000.00. These documents were made a part of the record. Claimant's sole argument here is that he was denied due process of law by virtue of the fact that the referee filed his decision without considering the copy of the loan application which the referee had requested, and that the Board erred as a matter of law in not reversing the referee for that reason. This argument is without merit.

Our scope of review in unemployment compensation cases is confined to questions of law and a determination of whether the *Board's* findings are supported by the evidence. "The credibility and weight to be given the evidence are questions *for the Board,* and the party victorious below is to be given the benefit of any inferences which can reasonably and logically be drawn from the evidence." *Berkery v. Unemployment Compensation Board of Review,* 13 Pa. Commonwealth Ct. 38, 39, 317 A.2d 674, 676 (1974). (Emphasis added.). In the instant case, the Board affirmed the referee, thereby adopting the referee's findings as its own, after "giving consideration

to the *entire* record of the prior proceedings, *including* the testimony submitted at the Referee's hearings." (Emphasis added.) As stated above, the documents received on January 30, 1974, are included in this "entire record."

We, therefore, hold that claimant was not denied due process of law and further hold that the findings of the Board were supported by competent and credible evidence. A finding of the Board is not unsupported by competent and credible evidence because other evidence was introduced which conflicted with the evidence supporting such a finding. *Cornyn v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 447, 316 A.2d 158 (1974).

Accordingly, we enter the following

ORDER

Now, February 13, 1975, the order of the Unemployment Compensation Board of Review, dated March 18, 1974, is affirmed.