Benjamin W. Daniels, Appellant, *v.* Commonwealth of Pennsylvania Unemployment Compensation Board of Review, Appellee.

Argued February 6, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR. and MENCER, sitting as a panel of three.

*Nathaniel Carroll Nichols*, with him *Annette Hearing Sullivan*, for appellant.

*Charles G. Hasson*, Assistant Attorney General, with him *Sydney Reuben*, Assistant Attorney General, and *Robert P. Kane*, Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., April 24, 1975:

This is the direct administrative agency appeal of Benjamin W. Daniels (Claimant) from a decision and order of the Unemployment Compensation Board of Review (Board) affirming an order of the referee disallowing compensation to Claimant pursuant to Section 402 (b) (1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, *as amended,* 43 P.S. §802 (b) (1) (Act).

This case came to be when Claimant was contacted by the Delaware County Intermediate Unit (DCIU) with a proposal to transport retarded children in his station wagon four hours a day over the school week. Claimant commenced this work on the understanding that he "would come in soon and discuss and negotiate on the wages." On Monday, September 17, 1973, he accompanied the driver who had driven the route up to this time, and from Tuesday, September 18, until Thursday, September 20, Claimant transported the children over this route himself.

After driving the children to school on that Thursday, Claimant returned to the offices of DCIU and spoke with the Management Specialist for DCIU, concerning the

wages for the job and was informed that he would be paid $90.00 per week. Claimant then informed the Specialist that the wage was unsatisfactory, but that he would continue to drive until September 27, 1973, so that DCIU could find another driver. Hearing these facts, the referee and Board concluded that Claimant was ineligible under Section 402(b)(1), 43 P. S. §802(b)(1) which provides:

"An employee shall be ineligible for compensation for any week—

"(b)(1) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature, irrespective of whether or not such work is in 'employment' as defined in this act...."

Claimant presents two arguments for our resolution:
1. The above facts do not support a finding that Claimant was ever employed by DCIU and so the issue should not be whether he voluntarily terminated for causes of a necessitous and compelling nature under Section 402(b)(1), but rather the framed issue is whether there was no good cause to refuse suitable work under Section 402(a), 43 P. S. §802(a).
2. Assuming an employment relationship did exist, there were causes of a necessitous and compelling nature underlying the termination.

In unemployment compensation cases, our scope of review is confined to questions of law and a determination as to whether the Board's findings are supported by the evidence. *Berkery v. Unemployment Compensation Board of Review,* 13 Pa. Commonwealth Ct. 38, 317 A. 2d 674 (1974).

Initially, we must decide whether an employment relationship ever arose thereby enabling the necessitous and compelling reason for terminating employment provision of Section 402(b)(1) to be invoked. Under the facts of this case, we hold that Claimant was employed by DCIU.

Judge MENCER in *Berkery v. Unemployment Compensation Board of Review, supra,* in dealing with a situation where an employer failed to tell the potential employee of the wages and other terms and conditions of employment wrote: "We conclude that Dr. Carty did not offer claimant employment on April 16, 1972, but rather, by his unwillingness to disclose essential terms of any employment relationship, he, in effect, made it impractical, if not impossible, for claimant to accept his partially disclosed proposal."

In the present case, we are presented with a situation where the potential employee and employer agreed to defer conversation about wages until some future date unlike *Berkery* where the employer unilaterally withheld vital terms of employment. Claimant worked for four days under this agreement with an indefinite wage term. We cannot say that agreement to defer negotiations on wages is sufficient to support a finding that no employment relationship arose as that term is defined by the definitional section of the Act, 53 P.S. §753 (1).

Since there was an employment relationship, we must now see whether causes of a necessitous and compelling nature did exist with regard to Claimant's voluntary termination. It has long been the law of this Commonwealth that dissatisfaction with wages is not a necessitous or compelling reason for voluntary termination. *See DeLuca v. Unemployment Compensation Board of Review,* 198 Pa. Superior Ct. 120, 182 A. 2d 279 (1962) ; *Keisling v. Unemployment Compensation Board of Review,* 198 Pa. Superior Ct. 345, 181 A. 2d 717 (1962) ; *Goldstein v. Unemployment Compensation Board of Review,* 181 Pa Superior Ct. 255, 124 A. 2d 401 (1955). We will not disturb that law.

Review of the record quite clearly points out that the sole reason for termination of the job was dissatisfaction with the wage. As such, we are bound to affirm the Board and likewise find a violation of Section 402 (b) (1), 43 P.S. §802 (b) (1).

512

### ORDER

AND NOW, this 24th day of April, 1975, the Order of the Unemployment Compensation Board of Review is affirmed and Appellant's appeal is dismissed.