Robert J. Owen, Appellant *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania, Appellee.

Argued May 6, 1976, before Judges CRUMLISH, JR., WILKINSON, JR., and BLATT, sitting as a panel of three.

*Frank J. Piatek*, for appellant.

*Sandra S. Christianson*, Assistant Attorney General, with her *Daniel R. Schuckers*, Assistant Attorney General, *Sydney Reuben*, Assistant Attorney General, and *Robert P. Kane*, Attorney General, for appellee.

OPINION BY JUDGE BLATT, September 15, 1976:

This is an appeal by Robert J. Owen (claimant) from an order of the Unemployment Compensation Board of Review (Board), dated October 8, 1975, affirming a referee's decision, dated May 5, 1975, which had held the claimant ineligible for unemployment benefits. Denial of benefits was based on Section 402(b)(1) of the Unemployment Compensation Law (Act),[1] 43 P.S. §802(b)(1), which provides, *inter alia,* that:

"An employe shall be ineligible for compensation for any week—

. . . . .

"(b)(1) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . ."

The claimant here had been employed by Allied Security (employer) as a security guard from some-

---

[1] The Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §751 et seq.

time in February of 1974 to March 1, 1975, at an hourly wage of $2.10. His weekly employment schedule was flexible and he was constantly assigned overtime, often working 60 or more hours per week. In early February of 1975, he became ill and missed several days of work. Thereafter, he received less than forty (40) hours per week, and, for the week of February 23 to March 1, 1975, he was not assigned any work at all. On March 7, the claimant quit his job and sometime later moved from Pittsburgh to New Castle to reside with his mother.

On March 30, the claimant filed for unemployment benefits at the New Castle office of the Bureau of Employment Security (Bureau), which were denied. At the referee's hearing on the claimant's appeal, he maintained that his diminished income occasioned by the reduction of hours worked made it financially impossible for him to continue living in Pittsburgh and thus compelled him to quit his job there and return to his home. He further testified that he had desired to maintain his employment relationship but that his efforts to contact his employer to ascertain a future work schedule had been unsuccessful. This testimony was corroborated by a witness called by the claimant. It was noted, however, that the claimant's own telephone had been disconnected during the week of February 23-March 1, 1975.

None of the claimant's testimony was rebutted by the employer, who failed to send a representative to the hearing. However, a letter from the employer to the Bureau was admitted into evidence without objection. In this letter, the employer related that he had unsuccessfully attempted to contact the claimant on March 2, 3, and 4, 1975 and that full-time work had been available for the claimant since March 1, 1975.

In view of this evidence, the referee concluded that the claimant had left his job and returned home, not

out of necessity, but because he was dissatisfied with the amount of work he was receiving. The claimant's appeal to the Board was disallowed and this appeal followed.

The scope of our review is limited to questions of law and, in the absence of fraud, to a determination of whether the facts are supported by substantial evidence, leaving to the referee and the Board questions of credibility and giving the party prevailing below the benefit of all reasonable and logical inferences. *Rice v. Unemployment Compensation Board of Review,* 19 Pa. Commonwealth Ct. 592, 338 A.2d 792 (1975).

A person becoming unemployed due to a voluntary termination has the burden of establishing that such termination was with cause of a necessitous and compelling nature. *Kernisky v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 199, 309 A.2d 181 (1973); *Pfafman v. Unemployment Compensation Board of Review,* 7 Pa. Commonwealth Ct. 197, 300 A.2d 295 (1973). And "[a]lthough the voluntariness of a termination is ultimately a question of law, its resolution necessarily depends upon the underlying facts as found by the compensation authorities." *Unemployment Compensation Board of Review v. Beyer,* 20 Pa. Commonwealth Ct. 17, 21, 340 A.2d 601, 603 (1975).

The referee concluded here that the claimant had failed to introduce evidence sufficient to carry this burden. We have previously held that the evidence necessary to support the findings of the referee is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rabinowitz v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 51, 55, 324 A.2d 825, 828 (1974). The referee, therefore, could reasonably conclude in this case that, despite the availability of work, the claimant terminated his employment re-

lationship because he was dissatisfied with the amount of work he received.

It is evident, of course, that the referee relied on the information which the employer supplied in his letter to the Bureau, and that this was hearsay evidence. We have, however, also held that ''[t]he rule of law is . . . that [hearsay] evidence, admitted without objection, may be given its natural probative effect and will support the [referee's] findings.'' *Covell v. Unemployment Compensation Board of Review,* 16 Pa. Commonwealth Ct. 637, 640, 330 A.2d 319, 320 (1975); *accord, Philadelphia Coke Division, Eastern Association Coal Corporation v. Unemployment Compensation Board of Review,* 6 Pa. Commonwealth Ct. 37, 293 A.2d 129 (1972).

The only question, therefore, is whether or not the claimant's dissatisfaction with a reduction in working hours and the financial difficulty resulting on that account gave him reasons of a necessitous and compelling nature justifying his voluntary termination of employment. This question, too, has been addressed in prior decisions, and it is settled that ''dissatisfaction with wages and working assignments does not constitute cause of a necessitous and compelling nature for terminating one's employment.'' *De Luca Unemployment Compensation Case,* 198 Pa. Superior Ct. 120, 121, 182 A.2d 279, 280 (1962); *accord, Stalc v. Unemployment Compensation Board of Review,* 13 Pa. Commonwealth Ct. 131, 318 A.2d 398 (1974). Moreover, in *Johnson Unemployment Compensation Case,* 201 Pa. Superior Ct. 488, 193 A.2d 615 (1963), facts being similar to those involved here were presented for adjudication, and benefits were refused. In that case, Johnson had been working away from home to support his family, and, when overtime work was terminated, he quit his job and returned home. The Pennsylvania Superior Court then held that ''elimination of . . .

overtime did not constitute sufficient ground to quit. . . . Dissatisfaction with earnings does not place the employe in the position of being compelled to quit.'' 201 Pa. Superior Ct. at 492, 193 A.2d at 617.

Because, therefore, it cannot be said that the claimant's voluntary termination of employment for the reasons he stated was for cause of a necessitous and compelling nature, we must, therefore, issue the following

ORDER

AND Now, this 15th day of September, 1976, the order of the Unemployment Compensation Board of Review is hereby affirmed and the appeal of Robert J. Owen is dismissed.