Alvin C. Edwards, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued May 4, 1978, before Judges CRUMLISH, JR., WILKINSON, JR. and BLATT, sitting as a panel of three.

*Monica M. Kolasa,* for petitioner.

*Michael Klein,* Assistant Attorney General, with him *Charles G. Hasson,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., June 9, 1978:

This is an appeal from a decision of the Unemployment Compensation Board of Review affirming the denial of unemployment compensation to the petitioner. Both the referee and the Bureau of Employment Security had denied benefits to the petitioner on the basis of Section 402(b) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1), which is the statutory provision relating to voluntary termination. We reverse.

Claimant had been employed as a custodian with the Cinemette Corporation for a period of some three years and three months prior to his termination of employment. Claimant was initially paid $85.00 per week, and was assisted by another individual. This fellow employe left the job three months after claimant began working. At that time, claimant and his supervisor agreed that claimant's wife would work with him. The wife was not, however, formally hired,

and she was paid no wages. Claimant's salary was then increased to $170.00 per week.

This arrangement continued for some three years. Then, in August of 1976, claimant's wife became sick and was unable to continue to assist her husband. Claimant gave his employer two weeks' notice, and last worked on September 7, 1976. Claimant testified that it was not worth his while to commute 17 miles into Pittsburgh, seven days a week, for a weekly wage of $85.00. Claimant did, however, inquire into the possibility of obtaining a job at some other theatre run by his employer, but was told that no such jobs existed.

Claimant has the burden of demonstrating that he voluntarily quit his job for a cause of a necessitous and compelling nature. *Owen v. Unemployment Compensation Board of Review,* 26 Pa. Commonwealth Ct. 278, 363 A.2d 852 (1976). We believe that the claimant has in this case met his burden.

In deciding this case, it is clear that we cannot consider any of the circumstances relating to the claimant's wife other than it was her absence that made it impossible for claimant to perform the job assignment. She was never actually hired by the employer, and she was paid no wages. All we are concerned with here is the employment record of the claimant. The record shows that claimant was initially hired at $85.00 per week, that after about three months his work assignment was doubled and his wages were doubled to $170.00 per week, and that he quit some three years later when his wages were to be reduced back to $85.00 per week and his work assignment cut in half. Clearly this 50% reduction in wages, when considered in light of all the circumstances present in this case, constituted a necessitous and compelling reason for claimant's termination of his employment. *See Snyder Unemployment Compensation Case,* 194 Pa. Superior Ct. 622, 169 A.2d 578 (1961).

The general rule, of course, is that mere dissatisfaction with wages is not a necessitous and compelling reason for terminating employment. *Owen v. Unemployment Compensation Board of Review, supra.* Where, however, a claimant is faced with a 50% reduction in wages and where the claimant is eligible for unemployment benefits exceeding his weekly wage, the general rule is not applicable. *See Snyder Unemployment Compensation Case, supra.* Similarly, another general rule is that when one accepts a job at a particular wage, he admits the suitability of the job and the wage rate. *Mosley v. Unemployment Compensation Board of Review*, 15 Pa. Commonwealth Ct. 447, 327 A.2d 199 (1974). This rule is not applicable here due to the changed circumstances surrounding claimant's employment.

Accordingly, we will enter the following

## ORDER

AND Now, June 9, 1978, the decision of the Unemployment Compensation Board of Review, No. 76-8-B-492, dated December 9, 1976, is hereby reversed and the case is remanded to the Bureau of Employment Security for the proper computation of benefits.