Gerard M. Snyder, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 8, 1980, before President Judge CRUMLISH and Judges MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*Wayne A. Graver,* for petitioner.

*Steven Marcuse,* Assistant Attorney General, with him *James K. Bradley,* Assistant Attorney General, *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, October 30, 1980:

This is an appeal by Gerard M. Snyder (Claimant) from an order of the Unemployment Compensation Board of Review (Board) dated May 14, 1979, denying the Claimant unemployment compensation benefits. The Board affirmed the referee's determination that the Claimant voluntarily terminated his employment without cause of a "necessitous and compelling nature" and was, therefore, ineligible for benefits under §402(b)(1) of the Unemployment Compensation Law (Law).[1]

Claimant was employed as an insurance agent for the Prudential Insurance Company (Employer) from September 5, 1978 to March 6, 1979. He was hired with the agreement that he would be paid $200 per week during a sixteen week training period while he studied to obtain a state insurance license. Subsequent to the training period, the Claimant would be paid a salary based on service commissions plus all previously accrued new business commissions. Once he received his license, new business commissions would be pro-rated over the following thirteen week pay period. The Claimant failed to register for the November 8, 1978 license examination and failed to pass the complete examination given on December 10, 1978. He did pass the complete examination on January 13, 1979. Although the Claimant received notice on January 20, 1979 that he had passed, he did not send the necessary notification to the Pennsylvania Insurance Department until February 2, 1979. The Employer did not receive official notice that the Claimant was licensed until February 22, 1979.

Subsequent to his first sixteen weeks of employment which ended on December 26, 1978, the Claim-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1).

ant was paid $117 per week based on service commissions. At the time he left his employment on March 6, 1979, Claimant had not received an adjustment in his pay for the new business commissions.

Claimant filed a claim for unemployment compensation benefits alleging cause of a necessitous and compelling nature. At the referee's hearing the Claimant argued that he was promised a pay increase as soon as he passed the license examination and that the Employer had not fulfilled his promises. The Claimant's supervisor testified, however, that the Claimant had been informed that he could not under the law[2] receive new business commissions until he was officially licensed by the state. The supervisor further testified that the Claimant was informed on the day he announced his resignation, that his pay would be adjusted that week. The referee gave credence to the testimony of the Employer and found that Claimant had voluntarily left his employment because he was dissatisfied with his wages and was, therefore, disqualified from receiving unemployment compensation benefits under the provisions of Section 402(b)(1) of the Law. Claimant filed an appeal to the Board of Review. The Board concluded the determination of the referee was proper. Claimant appealed to this Court.

It is well settled that mere dissatisfaction with wages and working assignments does not constitute cause of necessitous and compelling nature and that the claimant has the burden to show reason of a necessitous and compelling nature for his voluntary separation. *Owen v. Unemployment Compensation Board of Review*, 26 Pa. Commonwealth Ct. 278, 363

---

[2] The Insurance Department Act of One thousand nine hundred and twenty-one, *as amended*, 40 P.S. §234 and *Golder v. Rabinowitz*, 125 Pa. Superior Ct. 573, 190 A. 407 (1937).

A.2d 852 (1976); and *Daniels v. Unemployment Compensation Board of Review,* 18 Pa. Commonwealth Ct. 508, 336 A.2d 662 (1975). Since the Claimant had the burden of proof and did not prevail before the Board, our scope of review is limited to a determination of whether the Board's findings of fact can be sustained without a capricious disregard of competent evidence. *Houff Transfer, Inc. v. Unemployment Compensation Board of Review,* 40 Pa. Commonwealth Ct. 238, 397 A.2d 42 (1979).

Claimant argues that he terminated his employment for a reason of necessitous and compelling nature because the Employer failed to live up to his promise to pay the Claimant the new business commissions. Claimant argues that his situation is analogous to *Edwards v. Unemployment Compensation Board of Review,* 35 Pa. Commonwealth Ct. 647, 387 A.2d 510 (1978) where this Court held that a 50% reduction in the employee's wages was a sufficiently necessitous and compelling reason to justify a voluntary quit. We disagree with the Claimant's contention that *Edwards* is applicable. In *Edwards* the claimant's duties and wages were doubled when his wife helped him. His wife, however, was never hired. After the wife became ill and could no longer help, Edwards' pay and duties were reduced. This Court, looking solely at Edwards' employment record held that in the light of the circumstances of that case, Edwards had met his burden of proof and was entitled to unemployment compensation benefits.

In the case at bar, Claimant's salary of $200 per week ended as scheduled. The Claimant's compensation thereafter was to be based on service commissions and new business commissions. Until the Claimant was licensed, he did not meet the necessary prerequisite to receive the new business com-

missions. The delay in obtaining the license was Claimant's sole responsibility. The Employer by law could not pay any new business commissions until the Claimant had received his license. Although the Claimant alleges he was promised a pay increase as soon as he passed the examination, not when the company had received the official notice, the referee and the Board found the Employer's testimony to be more credible. It is obvious to us that *Edwards* is factually distinguishable from the case now before us.

Claimant further argues that his situation is also analogous to that in *Emgee Engineering v. Unemployment Compensation Board of Review*, 30 Pa. Commonwealth Ct. 290, 373 A.2d 779 (1977) where this Court held that there was necessitous and compelling cause for terminating employment when the employer failed on several occasions to pay his employees on time and could not guarantee future timely payments. Again we disagree with Claimant's analogy. In *Emgee*, the employer's failure to pay the employees was due to cash flow difficulties, not to the failure of the employees to meet the necessary criteria for their pay. In the case at bar, the Claimant's own actions delayed the receiving of his agent's license. The Claimant voluntarily left his employment only two weeks after the Employer was legally authorized to pay new business commissions to the Claimant. The Claimant did receive a $50 advance on these commissions in addition to his service commissions during those two weeks. The referee and Board found that on the day he resigned, the Claimant was told by his supervisor that his pay would be fully adjusted the following week. Again, the *Emgee* case is easily distinguished on its facts from the case at bar.

Finding no capricious disregard of evidence in the record of this case, we will affirm the Board.

ORDER

AND Now, this 30th day of October, 1980, the decision of the Unemployment Compensation Board of Review No. B-172089, dated May 14, 1979, denying benefits to Gerard M. Snyder is affirmed.