Stanley A. Clark, Petitioner *v.* Commonwealth of Pennsylvania,    Unemployment    Compensation Board of Review, Respondent.

Submitted on briefs November 17, 1982, to Judges Rogers, Williaam, Jr. and Craig, sitting as a panel of three.

*Deborah Harris,* for petitioner.

*Charles G. Hasson,* Associate Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, December 15, 1982:

In this unemployment compensation appeal, the claimant, terminated as a SEPTA[1] worker on the ground of willful misconduct for failure to comply with lateness-reporting instructions, questions (1) the existence of substantial evidence to support a key finding, and (2) the willful misconduct conclusion, on the basis that it cannot be founded upon a single technical violation.

---

[1] Southeastern Pennsylvania Transportation Authority.

With respect to the factual issue, the record shows that the employer met its burden as to establishing previous work violations by the claimant and also as to the fact that the claimant had been warned to notify his foreman, not the dispatcher, when he knew that he would be late. Although the employer testimony clearly was hearsay, the claimant's own testimony and written entries corroborated the previous infractions and warnings, and also corroborated that he was specifically instructed that he should notify his foreman.

The claimant's brief particularly attacks a finding that, on the evening in question, the plaintiff instead notified the dispatcher that he would be late; the claimant points to his own testimony indicating that he could not have done so because the alleged cause for his tardiness—falling asleep on the subway—did not occur until after he telephoned the dispatcher. However, in an earlier written statement the claimant admitted, "I called my job to inform someone of my lateness. The only person I could contact was the dispatcher." Of course, the Unemployment Compensation Board of Review, not this court, has the power to resolve the credibility question arising from the apparent discrepancy.

The claimant's noncompliance with a rational rule, in view of the indicated previous violations, was legally sufficient to support a willful misconduct disqualification. *Marcantonio v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 204, 309 A.2d 462 (1973).

We affirm.

## ORDER

Now, December 15, 1982, decision No. B-193624 of the Unemployment Compensation Board of Review, dated March 25, 1981, is affirmed.