532 A.2d 73

Wasil Makaruk, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs August 4, 1987, to President Judge CRUMLISH, JR., Judge DOYLE, and Senior Judge KALISH, sitting as a panel of three.

John C. Aciukewicz, *Legal Services of Northeastern Pennsylvania, Inc.,* for petitioner.

*James K. Bradley,* Assistant Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., October 16, 1987:

Wasil Makaruk appeals an Unemployment Compensation Board of Review (Board) order denying him benefits because he terminated his employment without necessitous and compelling cause. Section 402(b) of the Unemployment Compensation Law.[1] We affirm.

Initially, Makaruk worked eighteen hours a week as a night floor cleaner. He later increased his workload an extra twelve hours a week as a dishwasher. Makaruk quit his dishroom duties due to co-worker harassment and resigned from night cleaning because he felt that he could not live on that salary alone.

The referee found that the harassment justified Makaruk's resignation from the dishroom, but he concluded that no compelling reason existed for the night cleaning resignation because the pay for that work alone

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b).

would have exceeded his weekly benefit rate plus partial benefit credit. The Board concluded:

> On appeal, the claimant has argued that the claimant was justified in resigning his second job because the loss of the first one effectively reduced his wages. This is a novel argument, but our resolution of this case must be based on the facts. The claimant himself admits that his two jobs were *separate* jobs. The facts indicate that the claimant's second job was not affected by what happened on the first job. The claimant's overall income was reduced by his resignation, but the claimant could have, but did not, continue in the second position.

Our review of an administrative agency determination is limited to determining whether an error of law was committed or whether a necessary finding of fact is unsupported by substantial evidence. *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986).

Makaruk contends that a forty-percent salary reduction constitutes a compelling and necessitous reason for quitting. *Morysville Body Works v. Unemployment Compensation Board of Review*, 59 Pa. Commonwealth Ct. 486, 430 A.2d 376 (1981) (twenty-five percent salary reduction with slight decrease in duties but no decrease in hours constitutes valid compelling cause for termination).

The Board responds by characterizing the dishwashing work as overtime and cites *Owen v. Unemployment Compensation Board of Review*, 26 Pa. Commonwealth Ct. 278, 363 A.2d 852 (1976), for the proposition that elimination of extra work does not constitute a sufficient basis to quit. It argues that since the pay rate for the cleaning duties alone would exceed Makaruk's unemployment benefits, no compelling cause existed for the

termination. *Edwards v. Unemployment Compensation Board of Review*, 35 Pa. Commonwealth Ct. 647, 387 A.2d 510 (1978).[2]

The record and the referee/Board's findings clearly indicate that the dishwashing work was permanent in nature. Hence, we hold that those duties did not amount to overtime work since Makaruk was working only eighteen hours a week prior to his acceptance of that position.

We are presented with a situation where a claimant refuses continuing work of eighteen hours a week at a salary ($3.80 × 18 = $68.40) which exceeds his weekly benefit rate and partial benefit credit ($36.00 + $15.00 = $51.00). In *Snyder Unemployment Compensation Case*, 194 Pa. Superior Ct. 622, 169 A.2d 578 (1961), the Court noted that the availability of a position which would pay more than unemployment benefits is a factor to be considered when determining whether a claimant had compelling cause to resign. Herein, the claimant could have continued working the three-hour evening cleaning shift and would have had time available to seek other employment. The pay rate would have exceeded potential unemployment income. His resignation from the cleaning position because he could not afford to live on that salary alone does not appear justified upon consideration of these factors.[3]

---

[2] The facts in *Edwards* indicate that a husband was being paid $170 per week to clean a movie theater. His wife assisted him in his duties but was not an employee. When she became ill and could not work, the employer hired an additional employee and reduced the husband's salary one-half. This Court, focusing on the husband's employment history alone, held that a fifty-percent salary decrease constituted a compelling cause for terminating employment.

[3] Makaruk also testifed that he resigned his cleaning position because of threats from his co-workers in the dishroom with whom he would come into contact when reporting for the evening shift. Makaruk does not present this issue on appeal.

The order of the Board is affirmed.

ORDER

The order of the Unemployment Compensation Board of Review, No. B-249882 dated June 13, 1986, is affirmed.