Helen G. Covell, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued December 6, 1974 before Judges KRAMER, WILKINSON, JR., and ROGERS, sitting as a panel of three.

*Dianne Upson*, for appellant.

*Daniel R. Schuckers*, Assistant Attorney General, with him *Sydney Reuben*, Assistant Attorney General, and *Israel Packel*, Attorney General, for appellee.

OPINION BY JUDGE ROGERS, January 7, 1975:

The sole issue in this appeal of an unemployment compensation claimant, Helen G. Covell, is whether the termination of her employment came about by her voluntarily leaving, rendering her ineligible by Section 402(b)(1) of the Unemployment Compensation Law[1] or whether she was discharged by her employer, in which case she would be eligible for benefits under Section 402(e).[2]

---

1. Act of December 5, 1936, Second Ex. Sess. P.L. (1937) 2897, *as amended*, 43 P.S. §802(b).

2. 43 P.S. §802(e). There is no suggestion that wilful misconduct lead to the termination.

In August, 1973, appellant was hired by Nussex Import Company, a small family-operated enterprise, as a secretary. Her employment was terminated on September 21, 1973, a payday. At the referee's hearing, conflicting evidence was presented as to the circumstances surrounding the appellant's departure from Nussex Import's employ. Ms. Covell testified that, at the direction of her employer's principal officer, she remained after working hours on September 21, 1973 to meet with him and another principal of the business. She testified that during this meeting her employer expressed dissatisfaction with her work, that she asked her employer if he was firing her and that he replied: "[t]he trial period is over and your work is unsatisfactory." The appellant understood from this that she was discharged and did not return to work again.

No one appeared for the employer at the hearing. However, a letter of the employer written in response to an inquiry by the Bureau of Employment Security was submitted as evidence by the Bureau and was formally admitted into evidence by the referee without objection of appellant's counsel. The employer asserts therein that the decision on termination was left to Ms. Covell who said "well, I think I better leave."

We are compelled to affirm the Board of Review's determination of ineligibility. The Board must be sustained if its findings are supported by substantial evidence. The resolution of conflicts in the evidence are for the referee and the Board. *Yasgur v. Unemployment Compensation Board of Review,* 16 Pa. Commonwealth Ct. 33, 328 A.2d 908 (1974); *Stalc v. Unemployment Compensation Board of Review,* 13 Pa. Commonwealth Ct. 131, 318 A.2d 398 (1974).

Appellant's counsel vigorously contends and ably argues that the Board's findings are not supported by substantial evidence because they are based solely on the employer's letter to the Bureau. She contends that

since this was hearsay, it may not be the basis for the decision of the Board. The rule of law is, however, that evidence, admitted without objection, may be given its natural probative effect and will support the Board's findings. *Philadelphia Coke Division v. Unemployment Compensation Board of Review,* 6 Pa. Commonwealth Ct. 37, 293 A.2d 129 (1972).

As for the Board's choice of evidence to accept, we note that the claimant's version of the conversation on the crucial point of quit or discharge was somewhat equivocal, whereas the employer's account clearly states a voluntary quit.

Affirmed.