Lawrence E. Harrison, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 2, 1978, before Judges ROGERS, BLATT and DISALLE, sitting as a panel of three.

*Richard B. Mellman,* for appellant.

*Susan Shinkman,* Assistant Attorney General, with her *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE DiSALLE, March 28, 1978:

Lawrence E. Harrison (Claimant) was employed as a retail baker by the Vienna Baking Company until January 2, 1976, when he was discharged by his employer. The Bureau of Employment Security (Bureau) issued a determination upon his application for unemployment compensation benefits on January 27, 1976, denying him benefits pursuant to Sections 402 (e) and 4(w)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §§802(e) and 753 (w)(1). A revised determination was issued by the Bureau on January 29, 1976, basing its disapproval on Sections 401(d) and 402(b)(1), 43 P.S. §§801(d) and 802(b)(1).

Following a hearing on February 26, 1976, where Claimant was unrepresented by counsel, the referee issued a decision on March 9, 1976, affirming, as modified, the Bureau's determination denying Claimant benefits under Section 402(e), 43 P.S. §802(e). Subsequently, the Unemployment Compensation Board of Review (Board) issued a decision, based on consideration of the entire record of the prior proceedings, disallowing the appeal pursuant to the provisions of Section 502, 43 P.S. §822.

Testimony was presented at the hearing concerning Vienna Baking Company's allegations that Claimant did not comply with the work schedule and failed to get the bread out in time. The first of these allegations was not mentioned by the referee in his findings of fact, and is therefore not before us. We are left with the question of whether the Board's finding that Claimant was discharged from his employment for failure to get the retail bread baked in time for pick-

up at 6:30 A.M. was improperly based on uncorroborated hearsay evidence.

At the referee's hearing, Vienna Baking Company was represented by Kenneth Bartow, Production Manager. A review of his testimony discloses that Mr. Bartow had no first-hand knowledge of the facts or circumstances concerning the allegation that Claimant failed to meet production requirements. Claimant's immediate supervisor at the time he was terminated was Mr. Clines. It was from him and other unnamed persons that Mr. Bartow gained information about the optimal amount of time it should have taken Claimant to prepare the bread.[1] It was from the truck drivers that Mr. Bartow learned that Claimant was dilatory in meeting production standards.[2] In fact, Mr. Bartow expressly admitted his lack of knowledge on these matters when, in response to a question pertaining to Claimant's work schedule, he stated that he was not the proper person to represent Vienna Baking Company.[3] There is no doubt that his testimony was totally based on hearsay.

---

[1] The testimony revealed the following:
EMPLOYER REP: Personally, ma'am, I'm not exactly, completely experienced with the retail operation, but from what I can gather from talking to Mr. Cline [sic] and other people, there was no problem for him getting his production out in eight hours.

[2] REFEREE: What record do you have there if [sic] him not making his production?
EMPLOYER REP: Well, all I have is the fact that the trucks were not getting out, and when I talked with the drivers they said the bread wasn't there; they could not put it out cause it wasn't there.

[3] EMPLOYER REPRESENTATIVE: No, I didn't bring . . . I'm not, I'm here, I shouldn't even be here. . . .
CLAIMANT: He's not my boss.
EMPLOYER REP: The man that represented him is sick today and he couldn't make it . . . .

. ."We. have established stringent guidelines with respect to hearsay evidence. Where such evidence is properly objected to, it is not competent to support a finding of the Board. Where it is admitted without objection, it will be given its natural probative effect and may support a finding of the Board if it is corroborated by any competent evidence in the record; but a finding of fact based solely on hearsay will not stand. *Walker v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 522, 527, 367 A.2d 366, 370 (1976). A proper objection was not raised by Claimant to Mr. Bartow's testimony. We must determine, therefore, whether there was any competent corroborating evidence. The documentary evidence lends no support for the Board's finding. There is an unsigned, undated separation notice and the summary of interview form containing other statements made by Mr. Bartow. Nor is this a case where an ambiguous or equivocal statement was made by Claimant sufficient to support hearsay testimony submitted by the employes. *See Covell v. Unemployment Compensation Board of Review*, 16 Pa. Commonwealth Ct. 637, 330 A.2d 319 (1975). Claimant was adamant in his denial of the charges against him. He repeatedly denied that there was any problem on his part in getting the bread prepared. Rather, it was his contention that the fault lay with the drivers who failed to pick it up on time or delivered other baked goods before they delivered the bread.

The burden of proving that an employe was discharged for wilful misconduct is upon the employer. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973). Since there was no corroborating testimony to support Mr. Bartow's hearsay testimony, Vienna Baking Company did not sustain this burden. The finding of fact that Claim-

ant's failure to prepare the retail bread on time for delivery amounted to wilful misconduct is not supported by substantial evidence in the record. Accordingly, we reverse.

### Order

AND Now, this 28th day of March, 1978, the order of the referee and the Unemployment Compensation Board of Review, denying benefits to Lawrence E. Harrison, is hereby reversed and the case is remanded to the Board for a proper computation of benefits.