IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Aleksei Zhukov,                 :     CASES CONSOLIDATED
              Petitioner       :
                                :
       v.                         :
                                :
Unemployment Compensation     :
Board of Review,              :     Nos. 192 – 194 C.D. 2023
             Respondent    :     Submitted: May 7, 2024

BEFORE:     HONORABLE RENÉE COHN JUBELIRER, President Judge
                  HONORABLE CHRISTINE FIZZANO CANNON, Judge
                  HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                    FILED: June 5, 2024

Aleksei Zhukov (Claimant) petitions for review of the three separate orders of the Unemployment Compensation Board of Review (Board) mailed December 15, 2022 (collectively, the Board Orders),[1] which affirmed three corresponding Referee Decisions dated April 14, 2022 (collectively, the Referee's Decisions).[2] The Referee's Decisions affirmed the Department of Labor and Industry's (Department) September 20, 2021 Notices of Determination, which found Claimant ineligible for Pandemic Unemployment Assistance (PUA) benefits pursuant to Section 2102(a)(3) of the Coronavirus Aid, Relief, and Economic

---

[1] The Board Orders are Board Docket Nos. 2022004708-BR, 2022004709-BR, and 2022004710-BR, and concern the Referee's Decisions at Department of Labor and Industry Referee Docket Nos. 2021040380-AT, 2021040370-AT, and 2021040373-AT, respectively. This Court consolidated these matters by order exited April 17, 2023.

[2] The same Appeals Referee issued all three Referee's Decisions.

Security (CARES) Act,[3] 15 U.S.C. § 9021(a)(3); denied Federal Pandemic Unemployment Compensation (FPUC) benefits;[4] and assessed non-fraud overpayments of each in the respective amounts of $5,757 and $9,000 (collectively, the Department Determinations).  Upon review, we affirm.

Claimant initially applied for PUA benefits with an application effective March 1, 2020.  *See* Referee's Decisions at 2, Findings of Fact (F.F.) 1.[5] Claimant established a weekly benefit rate of $295 and a partial benefit credit of $89. *See* Referee's Decisions at 3, F.F. 2.  However, on September 20, 2021, the Department issued the Department Determinations finding that Claimant did not meet the PUA and FPUC qualifications required by the CARES Act; the Department then denied Petitioner benefits from March 1, 2020, through September 4, 2021, and issued notices of non-fraud PUA and FPUC overpayments in the amounts noted above.  *See* Referee's Decisions at 2, F.F. 3-6.

Claimant appealed the Department Determinations and a Referee conducted a hearing on April 13, 2022, which hearing Claimant did not attend.  *See* Referee's Decisions at 1.  On April 14, 2022, the Referee issued three separate decisions affirming the Department Determinations.  *See* Referee's Decisions. Each of the Referee's Decisions explained the Referee's reasoning for affirming the Department Determinations as follows:

---

[3] 15 U.S.C. §§ 9001-9034.

[4] Under the CARES Act, FPUC benefits were additional benefits available for specified weeks to any individual eligible for other forms of benefits, including normal unemployment compensation benefits, extended benefits, or federal benefits, including PUA benefits.  *See* Section 2104 of the CARES Act, 15 U.S.C. § 9023.

[5] The Board adopted and incorporated the Referee's Findings of Fact and Reasoning in each of the Board Orders.  *See* Board Orders at 1.

In the present case, [] Claimant did not appear at the Referee's hearing to address the disqualification. Prior to the pandemic, [] Claimant quit his job and moved to Illinois. The appeals file contains insufficient competent evidence to address the disqualifying determination. As such, the Referee is constrained to conclude that the Claimant is not eligible for PUA benefits under the provisions of Section 2102 of the CARES Act [].

. . . .

Since Claimant is ineligible for the PUA benefits for the weeks at issue, [] Claimant is ineligible for FPUC benefits under Section 2104 of the CARES Act [].

. . . .

Since [] Claimant is ineligible for the PUA benefits that were received, an overpayment must be established. The Referee is unable to conclude that [] Claimant engaged in fraud in order to receive the benefits. Therefore, a non-fraud overpayment is established under the provisions of Section 2102(h) of the CARES Act [].

. . . .

Since [] Claimant is ineligible for the FPUC & [Lost Wage Assistance] benefits that were received, an overpayment must be established. The Referee is unable to conclude that [] Claimant engaged in fraud in order to receive the benefits. Therefore, a non-fraud overpayment is established under the provisions of Section 2104(f)(2) and (3) of the CARES Act.

Referee's Decisions at 4.

Claimant timely appealed the Referee's Decisions to the Board, which affirmed the Referee's Decisions on December 15, 2022. *See* Board Decisions at 1-2. In each case, the Board entered the following ruling:

> The [Board], after considering the entire record in this matter, concludes that the determination made by the Referee is proper under the Pennsylvania Unemployment Compensation Law[, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§ 751-919.10]. Therefore, the Board adopts and incorporates the Referee's conclusions and findings of fact.

> In this matter [C]laimant failed to appear at the Referee hearing to offer testimony or evidence on his eligibility for PUA benefits. [C]laimant has not requested a remand hearing or otherwise offered an explanation for his failure to appear. In his appeal, [C]laimant argues the merits of the denial but because this information was not presented at the referee hearing, the Board cannot consider it as it is extra-record.

> Should [C]laimant wish to pursue a waiver of his over payments, he may do so through his local UC Service Center.

> The Board enters the following order:

> The decision of the Referee is affirmed, and [C]laimant is ineligible for PUA benefits. [C]laimant has a non-fraud overpayment of PUA benefits in the amount of $5,757. [C]laimant has a non-fraud overpayment of FPUC benefits in the amount of $9,000.

Board Orders at 1-2. Claimant then petitioned this Court for review.[6]

---

[6] This Court's review is limited to a determination of whether substantial evidence supported necessary findings of fact, whether errors of law were committed, or whether

On appeal, Claimant contends that the Board erred by considering only the Referee's Decisions in determining the Board Orders and not also considering Claimant's original PUA application.[7] *See* Claimant's Br. at 8-10. Claimant argues that the documentation he filed with the Department as part of his initial PUA application[8] demonstrated his entitlement to the benefits received, and that the Referee erred by not considering the same in the determination of the Referee's

---

constitutional rights were violated. *See Johns v. Unemployment Comp. Bd. of Rev.*, 87 A.3d 1006, 1009 n.2 (Pa. Cmwlth. 2014).

[7] Claimant states his questions presented as follows:

> 1) Whether the Referee erred in determining the claimant's eligibility for PUA benefits and establishing non-fraud overpayments, despite the claimant's prior employment and residing the last 4 years in state of Pennsylvania, impact of the pandemic, and termination of employment as a direct result of the economic shutdown.
>
> 2) Why in ORDER by UC BOARD OF REVIEW PUA DECISION AND ORDER received on 12/15/22 is saying that Aleksei Zhukov has not requested a remand hearing or otherwise offered an explanation for his failure to appear and In his appeal, the claimant argues the merits of the denial but because this information was not presented at the referee hearing, the Board cannot consider it as it is extra-record?

Claimant Br. at 5 (verbatim). The Board restates the question presented as follows:

> Did Claimant provide no competent evidence on the record to prove eligibility for PUA benefits such that the Board properly denied benefits and assessed non-fraud overpayments?

Board's Br. at 1.

[8] These documents included Claimant's Claim Application Information, Employment History Details, and tax documents.

Decisions. *See id.* Claimant requests that this Court revisit and review Claimant's PUA eligibility and consider the supporting documents filed with Claimant's initial application for PUA benefits, which documents Claimant asserts prove his eligibility for the benefits received. *See id.* at 10. Claimant is not entitled to relief.

"A claimant has the burden of proving financial eligibility for [unemployment compensation] benefits." *Logan v. Unemployment Comp. Bd. of Rev.*, 103 A.3d 451, 453 (Pa. Cmwlth. 2014). Section 2102(a)(3) of the CARES Act requires a claimant to prove that he is unemployed, partially unemployed, or unable or unavailable to work as a result of an enumerated COVID-related reason. *See* Section 2102(a)(3) of the CARES Act, 15 U.S.C. § 9021(a)(3) (defining "covered individual" under the CARES Act). Additionally, Section 101.51 of the Board's regulations provides that, "[i]f a party notified of the date, hour[,] and place of a hearing [before a referee] fails to attend a hearing without proper cause, the hearing may be held in his absence." 34 Pa. Code § 101.51. The regulations further explain that, "[i]n the absence of all parties, the [referee's] decision may be based upon the pertinent available records." *Id.*

In the instant matter, Claimant concedes that he received notification of the hearing. Therefore, the Referee did not err by conducting the hearing in Claimant's absence when he did not present at the scheduled time and date for the hearing. *See* 34 Pa. Code § 101.51. The Referee and the Board concluded that, because Claimant did not appear at the scheduled hearing, no competent evidence was placed into the record before the Referee upon which Claimant's eligibility to the benefits claimed could have been based. *See* Board Orders at 1; Referee's Decisions at 4. We find no error with these conclusions. Even if admitted into evidence, the supporting documents submitted with Claimant's initial application

6

were hearsay.[9]  This Court has long recognized that hearsay evidence admitted without objection "will be given its natural probative effect and may support a finding of the Board if it is corroborated by any competent evidence in the record; but a finding of fact based solely on hearsay will not stand."  *Harrison v. Unemployment Comp. Bd. of Rev.*, 383 A.2d 965, 966 (Pa. Cmwlth. 1978) (citing *Walker v. Unemployment Comp. Bd. of Rev.*, 367 A.2d 366, 370 (Pa. Cmwlth. 1976)).  Thus, the documents submitted by Claimant with his initial application for benefits, by themselves, were legally insufficient to sustain Claimant's burden to prove his eligibility for the claimed benefits.

Additionally, regarding Claimant's request that the matter be rescheduled for another hearing, Section 101.24 of the Board's regulations provides a mechanism whereby claimants who fail to attend their scheduled referee hearing may request that their matter be reopened.  *See* 34 Pa. Code. § 101.24.  A request for reopening must be made in writing, provide the reasons the claimant believes constitute "proper cause" for not appearing, and be mailed to the address shown on the hearing notice, the local employment office where the appeal was filed, or the Board directly.  *See* 34 Pa. Code § 101.24(a).[10]

Claimant did not follow the required procedures for hearing reopening requests.  Claimant did not make a written request that his matters be reopened and mail the same to the address on the hearing notice, the local employment office

---

[9] "Hearsay is an out of court statement offered to prove the truth of the fact asserted in the statement."  *Pierce-Boyce v. Unemployment Comp. Bd. of Rev.*, 289 A.3d 130, 137 (Pa. Cmwlth. 2022) (internal brackets and quotation marks omitted).

[10] The determination procedures of a reopening request depend on the specific timing of the receipt of the request to reopen from the party that did not attend the scheduled hearing in relation to the issuance of a referee's decision.  *See* 34 Pa. Code § 101.24(b-d).

7

where his appeal was filed, or to the Board. Instead, on December 19, 2022, four days after the Referee issued the Referee's Decisions, Claimant emailed the Board to ask that the hearing be rescheduled. *See* December 19, 2022 Email (Claimant's Email), Certified Record at 114-115. Claimant's Email argued the substantive merits of his underlying claims but failed to provide any reasons for his failure to attend the scheduled hearing beyond his own failure to monitor his email and having been on vacation in Wisconsin without internet availability at the pertinent time. *See id.* Even if the Claimant's Email could be construed as a proper request to reopen his hearing, it is well settled that "a claimant's own negligence is insufficient 'proper cause' as a matter of law, to justify his failure to appear at a referee's hearing and warrant a new hearing." *Savage v. Unemployment Comp. Bd. of Rev.*, 491 A.2d 947, 950 (Pa. Cmwlth. 1985). Further, to the extent Claimant alleged in Claimant's Email that he never received any documents by mail, we observe that the Referee's Decisions and the Board Orders indicate that these documents were mailed to Claimant at his listed address. The record contains no indication that these mailings were returned by postal authorities as undeliverable.[11] *See id.* at 114. Thus, Claimant's Email failed to comply with the express requirements for a claimant who did not attend his scheduled hearing to seek the reopening of his hearing. *See* 34 Pa.

---

[11] As this Court has observed,

> [i]f there is evidence in the record that the determination of the [Department] was mailed to the claimant's last known address, and that the notice was not returned to the [Department] by the postal officials as undeliverable, then there is a presumption of the regularity of administrative acts of public officials which the referee may invoke in reaching a determination that the claimant did have proper notice.

*Gaskins v. Unemployment Comp. Bd. of Rev.*, 429 A.2d 138, 140 (Pa. Cmwlth. 1981).

Code § 101.24; *see also McNeill v. Unemployment Comp. Bd. of Rev.*, 511 A.2d 167, 169 (Pa. 1986) (holding that the Board errs by remanding where a claimant fails to articulate reasons believed to constitute proper cause for not appearing at hearing).

For these reasons, we affirm the Board Orders.


_____
CHRISTINE FIZZANO CANNON, Judge

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Aleksei Zhukov,                          :    CASES CONSOLIDATED
                          Petitioner     :
                                         :
              v.                         :
                                         :
Unemployment Compensation                :
Board of Review,                         :    Nos. 192 – 194 C.D. 2023
                          Respondent     :

# **O R D E R**

AND NOW, this 5th day of June, 2024, the orders of the Unemployment Compensation Board of Review (Board) at Board Docket Nos. 2022004708-BR, 2022004709-BR, and 2022004710-BR are AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge